

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| MARVIS BROWN, | § § § § § | |
| *Plaintiff*, | § | |
| v. | § § | CIVIL ACTION NO. 1:12CV253 |
| WEBCO INDUSTRIES, INC., | § § § § | |
| *Defendants,* | § | |

### ORDER GRANTING MOTION TO EXTEND
### AND ENTRY OF FIRST AMENDED SCHEDULING ORDER

In accordance with 28 U.S.C. § 636(c), the Local Rules for the United States District Court for the Eastern District of Texas, the parties' consent and order of the District Court[1], the above-captioned civil action has been assigned to the undersigned United States Magistrate Judge for consideration of all matters, trial and entry of judgment.

The Court **ORDERS** that the *Defendant's Unopposed Motion to Extend Scheduling Order Deadlines to Include Trial Date* (doc. #20) is **GRANTED**. The Court enters this case-specific order which controls disposition of this action pending further order of the Court.

---

[1]*See Order of Reference* (doc. #12)

The following actions shall be completed by the date indicated.[2] All deadlines not stated herein have already expired under this Court's previous *Scheduling Order* (doc. #16).

**DEADLINES**

| | |
|---|---|
| January 2, 2013 | Plaintiff's deadline to object to any party's expert witnesses. Objection shall be made a motion to strike or limit expert testimony and shall be accompanied by a copy of the expert's report in order to provide the court with all the information necessary to make a ruling on any objection. |
| January 15, 2013 | Deadline for Plaintiff to amend pleadings without leave of court (A motion for leave to amend is not necessary). Parties may still file motions for leave to amend pleadings after this date in accordance with the Local Rules for the Eastern District of Texas. *See* E.D. TEX. R. CV-7(j). |
| January 31, 2013 | Deadline for Defendants to file amended pleadings without leave of court. (A motion for leave to amend is not necessary). Parties may still file motions for leave to amend pleadings after this date in accordance with the Local Rules for the Eastern District of Texas. *See* E.D. TEX. R. CV-7(j). |
| March 15, 2013 | Mediation should occur by this date. |
| April 22, 2013 | All discovery shall be commenced in time to be completed by this date. |
| May 16, 2013 | Motion cut-off. Deadline for motions to dismiss, motions for summary judgment, or other dispositive motions. |

---

[2] If a deadline falls on a Saturday, Sunday, or a legal holiday as defined in FED. R. CIV. P. 6, the effective date is the first federal court business day following the deadline imposed. All deadlines shall be as of 4:00 p.m., on the day specified.

| | |
|---|---|
| September 4, 2013 | Notice of intent to offer certified records. |
| | Counsel and unrepresented parties are each responsible for contacting opposing counsel and unrepresented parties to determine how they will prepare the Joint Final Pretrial Order (*See* Local Rule CV-16(b)) and Joint Proposed Jury Instructions and Verdict Form (or Proposed Findings of Fact and Conclusions of Law in nonjury cases). |
| | Video Deposition Designation due. Each party who proposes to offer a deposition by video shall serve on all other parties a disclosure identifying the line and page numbers to be offered. All other parties will have seven calendar days to serve a response with any objections and requesting cross examination line and page numbers to be included. Counsel must consult on any objections and only those which can not be resolved shall be presented to the court. The party who filed the initial Video Deposition Designation is responsible for preparation of the final edited video in accordance with all parties' designations and the court's rulings on objections. |
| September 11, 2013 | File Joint Final Pretrial Order. *See* E.D. TEX. Local Rules Appendix D. (Obtain form for Exhibit List from District Clerk's Office, or at www.txed.uscourts.gov, under forms; federal forms). Exchange Exhibits. |
| | Motions in limine due. |
| | File Proposed Jury Instructions and Verdict Form (or Proposed Findings of Fact and Conclusions of Law). |
| September 18, 2013 | Responses to motions in limine due.[3] |

---

[3]This is not an invitation or requirement to file written responses. Most motions in limine can be decided without a written response. But, if briefing is needed on a particularly difficult or novel issue, the Court needs some time to review the matter.

| | |
|---|---|
| September 18, 2013 | File objections to witnesses, deposition extracts, and exhibits, listed in pretrial order.[4]  (This does not extend the deadline to object to expert witnesses).  If numerous objections are filed, the court may set a hearing prior to docket call.<br><br>Pre-marked exhibit list.  (Obtain form for Exhibit List from District Clerk's Office, or at www.txed.uscourts.gov, under forms; federal forms).  Absent agreement of the parties, this should not have exhibits which were not listed in the Final Pretrial Order, but may have some deletions depending on rulings on objections. |
| September 23, 2013 | **Final Pretrial Conference before U.S. Magistrate Judge Keith F. Giblin** at 9:00 a.m. in Courtroom #6, Jack Brooks Federal Building, 300 Willow, Beaumont, Texas.<br><br>Date parties should be prepared to try case.<br><br>**Jury Selection and Trial** at 1:30 p.m. |

---

[4]Before filing objections counsel should confer with opposing counsel to determine whether they can be resolved without a court ruling.  The court needs a copy of the exhibit or the pertinent deposition pages to rule on the objection. Objections not made at this time, with the exceptions of objection under Federal Rules of Evidence 402 and 403, may be deemed waived.

## SCOPE OF DISCOVERY

<u>Modification</u>. Taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues, the Court modifies the parameters of discovery in the following respects. *See* Fed. R. Civ. P. 26(b)(2)(iii).

<u>Disclosure.</u> The parties are reminded of the requirement, set out in this court's initial Order Governing Proceedings, to have already disclosed, without awaiting a discovery request, information in addition to that required by Fed. R. Civ. P. 26, including names of persons likely to have, and documents containing, information "relevant to the claim or defense of any party."

If there are any questions about whether information is "relevant to the claim or defense of any party" review Local Rule CV-26(d). A party that fails to timely disclose any of the information required to be disclosed by order of this court or by the Federal Rules of Procedure, will not, unless such failure is harmless, be permitted to use such evidence at trial, hearing or in support of a motion.

<u>Depositions</u>. All experts may be deposed. Plaintiff may depose defendants' Rule 30(b)(6) corporate representatives. Plaintiff may depose any and all persons who investigated plaintiff's insurance claim. Defendants may depose plaintiff. In addition, each side is allowed the deposition of three additional fact witnesses as "extra depositions." The time allotted for the "extra depositions" is limited to six hours whether the time is used in direct examination or cross-examination. Absent court order, all depositions shall be taken in compliance with Fed. R. Civ. P. 30(d) and Local Rule CV-30. Reasonable breaks for lunch and otherwise will not count toward the time limit.

The parties are permitted unlimited depositions on written questions of custodians of business records.

The parties are excused from the pretrial disclosure requirements set forth in Federal Rule of Civil Procedure 26(a)(3) as such disclosure is cumulative of this Court's pre-trial order procedures.

## DISCOVERY DISPUTES

When an emergency arises, a magistrate judge is available to hear emergency discovery disputes during regular business hours. In the event of such a discovery dispute, the parties may contact the Eastern District of Texas Discovery Hotline at (903) 590-1198. *See* Local Rule CV-26(e).

An emergency discovery dispute is one that inevitably will cause expense and delay unless resolved immediately and which arises due to circumstances beyond the parties' control and despite their exercise of due diligence in complying with the deadlines and standards of practice established by this order. Requests to extend scheduling order deadlines or to expand discovery are not emergency discovery disputes.

## RESOURCES

The Eastern District of Texas website (http://www.txed.uscourts.gov) contains information about Electronic filing, which is mandatory, Local Rules, telephone numbers, general orders, frequently requested cases, access to CM/ECF, the Eastern District fee schedule, and other information. For further assistance, call the Clerk of Court at (409) 654-7000.

## COMPLIANCE

A party is not excused from the requirements of this scheduling order by virtue of the fact that dispositive motions are pending, the party has not completed its investigation, the party challenges the sufficiency of the opposing party's disclosure or because another party has failed to comply with this order or the rules.

Failure to comply with relevant provisions of the Local Rules, the Federal Rules of Civil Procedure or this order may result in the exclusion of evidence at trial, the imposition of sanctions by the Court, or both. If a fellow member of the Bar makes a just request for cooperation or seeks scheduling accommodation, a lawyer will not arbitrarily or unreasonably withhold consent. However, the Court is not bound to accept agreements of counsel to extend deadlines imposed by rule or court order. *See* Local Rule AT-3(j).

## TRIAL

Jurors are performing a public service, which is usually inconvenient to them, and may be at great personal expense. Once the jury is seated, every effort will be made to present the case professionally, efficiently, and without interruption. The deadlines for pre-trial matters, such as exchanging exhibits, and objections, are intended to reduce the need for trial objections, side-bar conferences, and repetitive presentation on evidentiary predicates for clearly admissible evidence. Counsel should be familiar with the evidence display system available in the courtroom. Copies of exhibits which will be handed to witnesses should be placed in a three ring binder, with an additional copy for the court. (To make it easy to direct the witness to the correct exhibit while on the stand, Plaintiffs should use a dark colored binder such as black or dark blue. Defendants should use a light colored binder such as white, red, or light blue.) Alternatively, if exhibits have been scanned and will be presented via a computer projection system, be sure there is a way for the court to view or

read them separately so as to be able to understand motions and objections. Counsel are responsible for informing their clients and witnesses about courtroom dress requirements and protocol, such as silencing pagers and phones, and not chewing gum, reading newspapers, or eating.

**SIGNED this the 27th day of December, 2012.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE